FILED
Clerk
District Court

MAY 05 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

BELAL HOSSAIN, WENLI ZHONG,
PUKAR PATEL, and DOES 1 to 500,

      Plaintiffs,

      v.

JEH JOHNSON, Secretary, Department of
Homeland Security, LEON RODRIGUEZ,
Director, United States Citizenship and
Immigration Services, and KATHY A.
BARAN, Director, California Service Center,
United States Citizenship and Immigration
Services,

      Defendants.

CIVIL CASE NO. 1:14-cv-00027

**DECISION AND ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS**

## I.    INTRODUCTION

In 2011 Hong Kong Entertainment (Overseas) Investments, Ltd. ("HKE"), the owner of the Tinian Dynasty Hotel and Casino, petitioned the United States Citizenship and Immigration Service ("USCIS") for CW-1 work permits for the three named Plaintiffs and several hundred other foreign contract workers it employed. When USCIS denied the petitions, three workers filed this lawsuit, claiming that the denials, which left them out of lawful status and without permission to work, deprived them of their rights to due process and equal protection of the laws.

Defendants, who will be referred to collectively as "the Government," have moved to dismiss the lawsuit on grounds that the district court lacks subject matter jurisdiction over the action, that the Plaintiffs lack standing, and that the complaint fails to state a due process or equal protection claim. The matter is fully briefed,[1] and came on for a hearing on April 23, 2015.

---

[1] Government's Motion to Dismiss ("MTD"), Mar. 14, 2015, ECF No. 3; Plaintiffs' Opposition, Apr. 9, 2015, ECF No. 8; Government's Reply, Apr. 17, 2015, ECF No. 9.

1    Having carefully considered all the papers and the arguments of counsel, the Court finds that it

2    lacks jurisdiction to review USCIS's denial of the petitions because there has been no final

3    agency action, which is a precondition of judicial review. For that reason, the Government's

4    motion will be granted and the case dismissed without prejudice to Plaintiffs to refile once final

5    agency action (if unfavorable) has been taken.

6                                    **II.      BACKGROUND**

7            This statement of the background facts is based on the Complaint (ECF No. 3), together

8    with attached exhibits and other documents on which it necessarily relies. *See Parks School of*

9    *Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995); *Marder v. Lopez,* 450 F.3d 445,

10   448 (9th Cir. 2006).

11           Named Plaintiffs Belal Hossain, Wenli Zhong, and Pukar Patel were foreign contract

12   workers for HKE at the Tinian Dynasty. Each of them has been residing in the Commonwealth

13   for more than ten years. (*Id.* ¶¶ 24–28.) Zhong and Hossain each has four minor children, all but

14   one of whom is a U.S. citizen. (*Id.* ¶¶ 26, 28.) Patel transferred to HKE from another employer in

15   2013. (*Id.* ¶ 25.) Zhong started working for HKE in 2011, Hossain in 2013. (*Id.* 26–27.)

16           HKE employs around five hundred foreign contract workers at the Tinian Dynasty.

17   (Compl. ¶ 10.) All these employees need work authorizations, known as CW-1 permits. (*Id.* ¶

18   15.) The CW-1 permitting process was established by the Secretary of Homeland Security

19   pursuant to section 702 of the Consolidated Natural Resources Act of 2008, Pub. L. 110-229,

20   122 Stat. 754, codified at 48 U.S.C. § 1806. The agency tasked with administering the permitting

21   process is USCIS. (Compl. ¶ 19.)

22           In November 2011, HKE submitted 69 CW-1 petitions to USCIS covering 520

23

24                                            2

1    employees. (*Id.* ¶ 40.) In May 2012, HKE received a Request for Evidence ("RFE") concerning

2    most of its petitions and having to do with HKE's eligibility as an employer and its compliance

3    with various federal requirements. (*Id.* ¶ 42; Ex. 2.) In September 2012, it received further RFEs

4    from USCIS.

5         On October 26 and December 18, 2012, USCIS issued Notices of Intent to Deny

6    ("NOID") in connection with HKE's petitions. (*Id.* ¶¶ 50, 57.) The NOIDs advised HKE that it

7    had provided insufficient evidence of compliance with Commonwealth and federal labor

8    regulations, and noted that HKE was the subject of an investigation by the Department of Labor

9    for alleged withholding of overtime earnings from employees. (*Id.* ¶¶ 52, 58; Ex. 4, 6.) HKE

10   timely responded to the NOIDs. (*Id.* ¶ 56.)

11        Beginning February 4, 2013, HKE received approvals of CW-1 petitions covering more

12   than five hundred employees. (*Id.* ¶ 59.) In July 2013, HKE received Notices of Intent to Revoke

13   ("NOIR"), advising that USCIS intended to revoke those same approvals. (*Id.* ¶ 63.) The reason

14   USCIS gave for reconsidering its approval was new allegations that since January 2013, HKE

15   was still not paying its employees their wages. (*Id.* Ex. 8.) In addition, USCIS issued notices that

16   it intended to deny pending CW-1 petitions. (*Id.* ¶¶ 66–67.) HKE timely filed a response to those

17   notices. (*Id.* ¶ 69.)

18        During this same period, in April 2013, the Government brought criminal charges against

19   HKE in this district for alleged failure to file currency transaction reports. Notwithstanding the

20   pendency of the criminal case, USCIS lifted the NOIRs, but not the NOIDs. (*Id.* ¶¶ 70, 74–75.)

21        In January 2014, HKE filed more CW-1 renewal petitions, and in February USCIS began

22   issuing notices that it would deny them. (*Id.* ¶ 76–77, Ex. 10.) HKE timely responded with a

23

24                                              3

1    single compilation covering all petitions, as USCIS had previously allowed. (*Id.* ¶ 79.) Its

2    response included information about an agreement for Mega Stars, a Commonwealth

3    corporation, to acquire HKE, thereby providing expanded financial resources. (*Id.* ¶ 78.)

4         In July 2014, HKE again received NOIDs in connection with its CW-1 petitions. (*Id.* ¶

5    80; Ex. 11.) These notices questioned whether HKE was a legitimate employer and whether its

6    employees were eligible to receive or renew CW-1 status. (*Id.* ¶ 81.) They also advised HKE that

7    it would have to respond to each NOID for each petition separately, a requirement that

8    significantly burdened HKE. (*Id.* ¶¶ 83–84.)

9         On December 8, 2014, USCIS issued decisions denying all of HKE's CW-1 petitions,

10   principally because of the pending criminal case. (*Id.* ¶ 88–89.) In particular, USCIS noted that

11   on September 22, 2014, a superseding indictment was filed including 158 counts of violation of

12   the Bank Secrecy Act over nearly four years dating back to September 2009. (*Id.* Ex. 12, pp. 4–

13   10.)[2]

14        Along with the denial decisions themselves, USCIS issued a Notice of Decision

15   informing HKE that by order of the Director of the California Service Center, an extension of

16   nonimmigrant status requested on behalf of Plaintiff Zhong and two other foreign workers had

17   been denied. (*Id.* Ex. 12, pp. 2–3.) The Notice of Decision further stated the following:

18            The decision resulting in the denial of Form I-129CW leaves the
             beneficiaries without lawful immigration status. Absent an approved
19           application or petition which would bestow valid immigration status upon
             the beneficiaries, they are now present in the United States in violation of
20           the law. Failing to maintain valid immigration status or remaining in the
             United States beyond the expiration of status will affect the beneficiaries'
21           ability to return to the United States in the future. If the beneficiaries are

22   _____
     [2] The parties acknowledged at the hearing that HKE's appeals of those decisions to the agency's
     Administrative Appeals Office ("AAO") are now pending.
23

24                                              4

currently not in a valid immigration status or the date listed on the Form I-94 has already passed, this Notice of Decision leaves the beneficiaries without lawful immigration status and the beneficiaries are hereafter present in the United States in violation of the law and are required to depart the United States immediately.

There is no appeal to this Decision. However, pursuant to 8 CFR 103.5, a motion can he filed on Form I-290B. Such motion must he accompanied by the proper fee and filed within 30 days of this notice.

Please note that if you timely file a motion with USCIS, and if the motion is granted, the petition will be reopened and approved and the beneficiary will be accorded the classification sought.

(*Id.*) A similar Notice of Decision issued denying a status extension to Plaintiff Patel and one other foreign worker. (*Id.* Ex. 13, pp. 2–3.)[3]

On December 24, 2014, Plaintiffs filed this lawsuit. They complain that USCIS denied them due process when, among other things, it unfairly considered the criminal case in determining that HKE is not a legitimate employer, and failed to consider the effect of HKE's acquisition by Mega Stars; and that the agency impermissibly treated renewal petitions differently from transfer petitions, thereby denying the beneficiaries of renewals equal protection of the laws.

### III.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it fails to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion, all well-pleaded factual allegations are taken as true. *Hebbe v. Pliler,* 627 F.3d 338, 341–42 (9th Cir. 2010). Although a complaint does not need "detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell*

---

[3] The Complaint and exhibits are silent as to the decision regarding any petition on behalf of Plaintiff Hossain.

1   *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and internal quotation marks

2   omitted). Legal conclusions couched as factual allegations do not suffice. *Ashcroft v. Iqbal,* 556

3   U.S. 662, 678 (2009). The claim to relief must contain sufficient well-pleaded facts to be

4   "plausible on its face." *Twombly,* 550 U.S. at 570 (2007). A claim is facially plausible "when the

5   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

6   defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The purpose of this

7   standard is "to give fair notice and to enable the opposing party to defend itself effectively[,]"

8   and to ensure "that it is not unfair to require the opposing party to be subjected to the expense of

9   discovery and continued litigation." *Starr v. Bacca,* 652 F.3d 1202, 1216 (9th Cir. 2011).

### IV. DISCUSSION

11       The Government asserts four grounds to dismiss the complaint: (1) the Court lacks

12   subject matter jurisdiction to review USCIS's denial of the CW-1 permits because Plaintiffs are

13   not challenging a final agency action; (2) Plaintiffs lack standing to sue because they are outside

14   the zone of interest of the statutes and regulations establishing the CW-1 permitting scheme; (3)

15   Plaintiffs have no property interest in the CW-1 permits that would support a due process claim;

16   and (4) Plaintiffs' equal protection claim is implausible. Whenever a district court determines

17   that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

18   Therefore, the natural starting place to discuss the Government's motion is the jurisdictional

19   question.

20       In the Administrative Procedure Act ("APA"), Congress provided for judicial review of

21   agency actions that have caused a person to suffer a legal wrong. 5 U.S.C. § 702. For an agency

22   action to be reviewable, it must be "final agency action for which there is no other adequate

23

24

1    remedy in a court . . ." 5 U.S.C. § 704. The question, then, is whether the denials of HKE's CW-

2    1 petitions on behalf of the Plaintiffs are final agency actions.

3            Finality is a jurisdictional requirement. *Fairbanks North Star Borough v. U.S. Army*

4    *Corps of Engineers,* 543 F.3d 586, 591 (9th Cir. 2008). "For an agency action to be final, the

5    action must (1) mark the consummation of the agency's decisionmaking process and (2) be one

6    by which rights or obligations have been determined, or from which legal consequences flow."

7    *Or. Natural Desert Ass'n v. U.S. Forest Serv.,* 465 F.3d 977, 982 (9th Cir. 2006) (internal

8    quotation marks omitted) (quoting *Bennett v. Spear,* 520 U.S. 154, 178 (1995)). The first prong

9    of the test is satisfied if the agency "has rendered its last word on the matter." *Id.* at 984 (citation

10   omitted). An appeal to a superior agency authority "renders an agency action nonfinal" under the

11   APA. *Acura of Bellevue v. Reich,* 90 F.3d 1403, 1407 (9th Cir. 1996).

12           Here, USCIS's denial of CW-1 petitions is appealable to the AAO. Indeed, the notices

13   that USCIS sent out advised HKE of its right of appeal and of the filing deadline and procedure.

14   (Compl. Ex. 12, p. 4, Decision, Form I-292.) The Complaint doesn't say whether HKE has

15   appealed the denials; but in its opposition brief HKE conceded it has filed intraagency appeals,

16   and at the hearing it acknowledged that the appeals are now pending. Therefore, the agency has

17   not "rendered its last word on the matter," and the petition denials are not final agency actions.

18           Plaintiffs maintain that the denials of HKE's petitions should be regarded as final agency

19   actions because their effect on the beneficiaries – the foreign worker Plaintiffs – is final. (Opp'n

20   2–3.) The denial of extensions leaves the workers without lawful immigration status, renders

21   their continued presence in the United States unlawful, and requires them to depart the country

22   immediately. (Compl. Ex. 12, p. 2, Notice of Decision, Form I-541.) This result, Plaintiffs argue,

23

24

7

1  is consistent with the requirement that in determining whether agency action is final, courts must

2  adopt a "pragmatic" and "flexible" approach to the interpretation of finality. *Or. Natural Desert*

3  *Ass'n,* 465 F.3d at 982. Among the factors to be considered is "whether the action amounts to a

4  definitive statement of the agency's position or has a direct and immediate effect on the day-to-

5  day operations of the subject party, or if immediate compliance [with the terms] is expected." *Id*.

6  (citations and internal quotation marks omitted).

7       Plaintiffs have made a strong showing that the denial of extensions has significant legal

8  consequences for them. Because of the denial, they are out of status, unauthorized to work and,

9  as the Government conceded at the hearing, accruing "unlawful presence." An alien who remains

10  in the United States after his authorized period of stay has expired is deemed to be unlawfully

11  present. 8 U.S.C. § 1182(a)(9)(B)(ii). An alien who accrues more than 180 days of unlawful

12  presence and voluntarily departs the United States must wait at least three years before seeking

13  to be readmitted; if one year or more of unlawful presence has accrued, the bar to readmission is

14  for ten years. 8 U.S.C. § 1182 (a)(9)(B)(i). At the hearing, the Government gave assurances that

15  if HKE prevails on its appeal of the CW-1 denials, Plaintiffs will get their extensions and return

16  to lawful status, and the time accrued in unlawful presence will roll back. However, every day

17  that Plaintiffs remain in the United States during the pendency of the appeal, they accumulate

18  unlawful presence that may never be rolled back (if the AAO affirms the decisions) and risk

19  being placed in removal proceedings by Immigration and Customs Enforcement ("ICE").[4]

20

21

22  [4] At the hearing, counsel for the Government confirmed that ICE has the power to initiate action to have Plaintiffs removed, given that they are out of status, but opined that it would not exercise that power while HKE's appeal is pending.

23

24

1    Moreover, USCIS's denial of extensions (as opposed to its denial of the petitions) is not

2    appealable. (Compl. Ex. 12, p. 2, Notice of Decision.)

3         The problem for Plaintiffs is that their lawsuit doesn't really challenge the decision to

4    deny them extensions. They don't assert that they are entitled to extensions regardless of whether

5    their employer's CW-1 petitions on their behalf are approved. Instead, they challenge the

6    correctness of the underlying decision to deny the CW-1 petitions. *That* decision clearly is not

7    final, for the AAO is now in the process of reviewing it. For this Court to undertake its own

8    review while the administrative appeal is pending would waste resources and create the sort of

9    duplication that Section 704 of the APA was intended to avoid. *See Bowen v. Massachusetts,* 487

10   U.S. 879, 903 (1988).

11                          **V.    CONCLUSION**

12        Because the petition denials are not final, the Court lacks subject matter jurisdiction and

13   must dismiss this action. It is unnecessary, therefore, to determine whether Plaintiffs, as

14   beneficiaries of HKE's petitions, have standing to sue and can state a claim on which relief may

15   be granted.

16        The Government's Motion to Dismiss is GRANTED WITHOUT PREJUDICE to

17   Plaintiffs to refile after the AAO has issued its decision and the agency's action is final.

18        SO ORDERED this 5th day of May, 2015.

19
                                    _____
20                                  RAMONA V. MANGLONA
                                    Chief Judge
21

22

23

24                                  9